WILLIAM HINMON, DEFENDANT IN ERROR, v. SOMERS BRICK COMPANY, PLAINTIFF IN ERROR.

Submitted January 10, 1908—Decided June 15, 1908.

1. An allegation in a declaration that the defendant "negligently" allowed noxious fumes to escape from its factory to the damage of plaintiff's crops, does not require of plaintiff specific proof of the precise negligence which caused or permitted such fumes to escape; for, from proof of the escape of noxious fumes and consequent damage therefrom, negligence will be inferred.
2. The operation of a factory in such manner as to constitute a nuisance may be given in evidence under an allegation that it was "negligently" operated, provided the other allegations of fact make out a case of nuisance and are supported by the proof.

---

On error to the Supreme Court.

For the plaintiff in error, *Thompson & Cole.*

For the defendant in error, *Carrow & Kraft.*

The opinion of the court was delivered by

PARKER, J.   The plaintiff's declaration contains six counts, all precisely alike except as to time of commission of the grievances complained of.   The first count alleges that in the year 1900 the defendant company owned and operated a factory for making brick; that plaintiff worked a farm adjoining or near to defendant's brick works, on which farm he raised fruit, vegetables, &c., for profit, and that during the months of May to October, inclusive, the defendant "so carelessly, recklessly, negligently and improperly manufactured and produced said burned clay bricks, and used and operated improper, insufficient, defective and unfit machinery appliances and apparatus in the production, &c., that by the carelessness, &c., of defendant vast quantities of  *  *  *  destructive  *  *  *  vapors, gases, fumes and smoke were permitted and allowed to and did escape," and were blown from the works of defendant to the land of the plaintiff, and injured and destroyed his crops, fruit and trees.   The other counts in the same form are for similar injury in the years 1901 to 1905, inclusive.   At the trial the jury found a verdict in favor of the plaintiff, and to the judgment entered thereon this writ of error is taken.

A number of assignments of error appear in the record, based on exceptions sealed at the trial, but only four were relied on at the argument.   Of these the first is that the court refused to grant a motion to nonsuit, and the second, that the court refused to direct a verdict for defendant.   The grounds of both motions were that the declaration was based on negligence in operation of the plant, whereas all that the proof tended to show was that gases, &c., escaped and injured plaintiff's crops, without anything to indicate negligence in permitting such gases to escape, and that some specific defect in the machinery or construction, or carelessness in operation, should have been shown.

It will be observed that no specific duty was laid in the declaration, as is usual and convenient, though unnecessary, in actions based on pure negligence.   *Breese* v. *Trenton Horse Railroad Co.*, 23 *Vroom* 250.

That the brick factory, if so conducted as to permit the escape of destructive fumes to the injury of plaintiff's land, was a nuisance, for which a private action at law will lie, is clear (*Roessler Chemical Co.* v. *Doyle,* 44 *Vroom* 521), and though it was customary in actions for nuisance of this character, such as a slaughter-house or candle factory, in the old precedents, to allege that the defendant "wrongfully and injuriously permitted foul odors to escape" (2 *Chit. Pl.* (11*th Am. ed.*) 773, 774), it could not be said at the present day that the omission of those words would render a declaration insufficient, either in form or in substance, nor that the substitution of the word "negligently" makes the escape of the gases any the less a nuisance or puts the defendant's duty on any different basis. One who operates a manufacturing plant liable to give off destructive fumes that will injure his neighbor's herbage must, as the trial justice properly charged, so use it as not to occasion unnecessary damage, and the permitting of such gases to escape in quantities sufficient to do such injury is of itself the negligence which results in a nuisance.

Apart from this, however, and taking defendant's theory of the declaration, the fact that such gases did escape (as the jury found) in such quantities as to do great damage to crops spoke of negligence in operation so plainly that no particulars of such negligence were called for. And the defendant's evidence tending to show the perfect character of the machinery and care in operation still left the matter open as a jury question, especially in view of the defendant's own proof that another brick factory, constructed and operated in a similar manner at another place, was quite innocuous, which, if true, only emphasized the inference of negligence from the escape of fumes from defendant's factory.

We conclude, therefore, that there was no material variance between pleading and proof, no surprise to defendant, and that the motions to nonsuit and to direct a verdict for defendant were properly denied.

With respect to defendant's claim that any damage to trees should have been excluded by the court from the consideration

of the jury, on the ground that there was no evidence to show that any such damage had been done, or its extent, it is sufficient to say that on examining the case we find ample testimony to justify the jury in finding the existence of such damage and its extent, and in awarding a reasonable sum by way of compensation therefor.

The last point urged by counsel is that the court should have charged, as requested, that plaintiff below, on finding his crops destroyed in 1900, should in the subsequent years have planted something else and not exposed himself to probable injury by planting the same kind of crop that had been destroyed, the theory being apparently that by continuing such crops under the circumstances he assumed the risk of injury, or was guilty of contributory negligence. This is equivalent to saying that plaintiff, having already been injured by an unlawful act of defendant's amounting to a nuisance in one year, was bound to assume or anticipate its repetition in subsequent years and regulate his planting accordingly. We see no force in this proposition, and think the request was properly denied.

No other assignments of error were argued or discussed in the brief, but we have examined the remaining ones, and find no error appearing. With respect to the last one, that the court erred in refusing to require the jury to answer certain specific interrogatories submitted by the defendant at the close of the case, it may be remarked that such a practice, while not illegal, and often of practical value, is entirely discretionary with the court.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.    11.

*For reversal*—None.